

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK DAVIS<br>DOC #126965 | DOCKET NO. 08-CV-0938; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Derrick Davis, pro se and in forma pauperis, on June 23, 2008. Davis is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. He complains that he has been denied proper medical care, and he names as defendants Winn Correctional Center, CCA Nursing Staff, Nurse Clark, and Nurse DeSoto. Plaintiff seeks $1.5 million for pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Factual Background

According to his complaint, Plaintiff went to "pill call" on May 5 or 6, 2008 to receive his prescribed medication. He was provided a pill by Nurse Desoto from the pill cart. Plaintiff claims that he took the pill and broke out in welts. However, he

states that he "didn't think too much of it." [Doc. #9, p.7] The next day, Plaintiff reported to pill call and was given the same pill. Plaintiff states that he experienced dizziness and vomiting at some point after taking the pill. [Doc. #9, p.7] Plaintiff asked Nurse Desoto what kind of pill he had been given, and she stated that it was penicillin. Plaintiff told the nurse that he is allergic to penicillin, and that his chart should reflect that allergy. Plaintiff states that Nurse Desoto looked at the medical chart, and it had Plaintiff's name, but the wrong DOC Inmate number. He states that the DOC number on the chart was 476518, but his DOC number is 126965.[1] At that point, it was discovered that Plaintiff had been administered penicillin prescribed to a different Derrick Davis also housed at Winn Correctional. Plaintiff complains that he was placed in danger by the defendants' careless and unprofessional conduct in giving him another inmate's medication.

In an amended complaint [Doc. #9], Plaintiff presented new and additional allegations of being denied medical care. He claims that he has been suffering with head, back, and hip pain, which he had prior to being housed at WCC. Plaintiff states that in the

---

[1] There are two inmates named Derrick Davis at WCC. One is Plaintiff, Derrick D. Davis, and the other is Inmate Derrick G. Davis. The chart the nurse pulled with number Inmate number 476518 belonged to the other Derrick Davis. Doc. #6; www.vinelink.com (VINE = Victim Information and Notification Everyday)

last eight months he has not received proper medical attention for complaints regarding that pain. He claims that he has previously been diagnosed with a rare spine disease, and he may have a blood clot or tumor in his head. [Doc. #9, p.6, 12, 13]

Plaintiff states that he has been examined by the medical staff at WCC eight or nine times in an eight month period. He complains that no x-rays were ordered, and he has not received any pain medication other than ibuprofen. [Doc. #9, p. 3,4] Plaintiff was referred to the chronic care unit for ongoing treatment. Plaintiff stated in administrative remedy forms that he wants to be evaluated by a "qualified doctor" outside of prison.

## Law and Analysis

The Prison Litigation Reform Act (the "PLRA") mandates the dismissal of a prisoner's civil rights complaint in whole or in part if, upon the initial screening of the complaint, the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Plaintiff claims that he was denied proper medical care in (1) being administered the medication belonging to another inmate with the same first and last name and (2) by not being sent to an "outside doctor" for ongoing and pre-existing back and neck pain. The Fifth Circuit has held that deliberate indifference to a

3

convicted inmate's serious medical needs may state a civil rights violation, but **a showing of negligence does not**. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Additionally, a disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Norton, 122 F.3d at 293.

Thus, even if a prison doctor or nurse commits malpractice, that alone is not grounds for a constitutional claim. Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991). **Negligent or mistaken medical treatment** or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Thus, with regard to the medicine mix-up, Plaintiff has described negligence, at best. The Fifth Circuit has held that the fact that the medical care given is not the best that money can buy, and the fact that a dose of medication may occasionally be forgotten, does not amount to deliberate indifference to serious medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir.1992).

Regarding Plaintiff's second and most recent claim that he is not receiving adequate treatment for his back and/or head, the Fifth Circuit has held that an inmate who had been examined by medical personnel on numerous occasions failed to set forth a valid

showing of deliberate indifference to serious medical needs. Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). As for Plaintiff's request to see an "outside doctor," the decision whether to provide additional medical treatment "is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1972); see Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(a prisoner's disagreement regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.)

II. Liability of the named defendants

To the extent that Plaintiff is seeking to hold WCC liable for a constitutional deprivation, his claim is frivolous. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the WCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WCC is not a corporation and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise. Also, the "CCA nursing staff" is not a juridical entity capable of being

5

sued.

Plaintiff named Nurse Clark and Nurse DeSoto as defendants. However, against these two nurses, Plaintiff has alleged nothing more than negligence in giving him medication prescribed for the other inmate named Derrick Davis. Plaintiff has not alleged or shown that these nurses intentionally treated him wrong or provided him with the wrong medication. Once the error was discovered, Plaintiff no longer received the wrong medication.

Thus, even if Plaintiff's claims were not frivolous, he would still be unable to state a claim for which relief could be granted.

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED as frivolous and/or for failing to state a claim for which relief can be granted.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 28th day of January, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE